## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEWSWEEK LLC; NEWSWEEK PUBLISHING LLC, <br><br> *Plaintiffs,* <br><br> *v.* <br><br> SHOWMARK MEDIA LLC, <br><br> *Defendant.* | CIVIL ACTION NO. <br><br> 1:26-cv-01550-LAP <br><br> **STIPULATED PROTECTIVE ORDER** |

Loretta A. Preska, U.S.D.J.

The Court having ordered the parties to meet and confer on a proposed Protective Order to maintain confidentiality of information, and the Court having reviewed the proposed order governing the protection of information produced during the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any "Confidential Discovery Material" (which includes proprietary, trade secret, and/or otherwise sensitive non-public documents and/or information of any kind provided in the course of discovery in this action, as well as information voluntarily produced in relation to settlement discussions) that is designated as "Confidential" pursuant to

4915-4092-7406, v. 1

the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.    The person producing and/or that person's counsel producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

b) previously nondisclosed material relating to ownership or control of any non-public company;

c) previously nondisclosed business plans, product development information, or marketing plans;

d) any information of a personal or intimate nature regarding any individual; or

e) any other category of information hereinafter given confidential status by the Court.

3.    With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use

another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.      If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a) the parties to this action;

b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has

4915-4092-7406, v. 1

first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f) stenographers engaged to transcribe depositions conducted in this action; and

g) the Court and its support personnel.

6. The person producing and/or that person's counsel producing, prior to disclosing and/or displaying of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person: (a) shall be informed of the confidential nature of the Confidential Discovery Material; (b) shall be provided by counsel with a copy of this Protective Order; and (c) shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed only after a Motion to Seal is granted,

and thereafter filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. Prior to the granting of a Motion to Seal, any party filing a motion or any other papers with the Court under seal shall publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8.     Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "outside attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9.     Any Confidential Discovery Material that comprises highly sensitive information requiring further and special protection because of potentially adverse competitive or other implications may be designated by a person in good faith and under extraordinary circumstances as "Outside Attorneys' Eyes Only."  Materials so designated as "Outside Attorneys' Eyes Only" shall be disclosed by the producing party only to those persons included as provided in Paragraph 5(b) above.  Such labeling or marking shall be made at the time or before the document or thing is given to the receiving party, although such marking "Outside Attorneys' Eyes Only" may

be designated in writing at a later date, and such designated portion[s] of the Confidential Discovery Material will thereafter be treated as "Outside Attorneys' Eyes Only" under the terms of this Order.

10.    All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11.    Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12.    The display and/or disclosure of Discovery Material without designating it as "Confidential" shall not constitute a waiver of the right to designate such Discovery Material as "Confidential." If so designated, the Discovery Material shall thereafter be treated as "Confidential," subject to all the terms of this Order.

13.    Nothing herein should be deemed as a waiver by any Party objecting to a Party's future discovery requests based on the Discovery Material exchanged under this Order, all such objections are expressly reserved.

14.    Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, home addresses, birthdates, passport and

driver's license numbers, e-mail addresses, social media accounts, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

15.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

16.    If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

17.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information,

and provide a certification of counsel that all such information has been returned or destroyed.

18.    Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

19.    As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

20.    The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

21.    This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including all appeals or settlement, all Discovery Material designated as "Confidential" or "Outside Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding the foregoing, Counsel for each Party shall be entitled to maintain a copy of all court submissions that may contain Confidential Discovery Material.

22. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

23. Confidential Discovery Material may be used solely for this litigation and not for any business, competitive, or personal purpose.

24. A Party may challenge a designation by written notice. The Parties must meet and confer. If unresolved, the challenging Party may move the Court. The producing Party bears the burden of demonstrating the necessity of the desired designation.

25. Nothing herein shall affect any Party's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information, including the exchange of documents submitted for the purposes of settlement.

**SO STIPULATED AND AGREED.**

_Todd Braverman_
Counsel for Plaintiff
Dated: May 20, 2026

/s/ Joel G. MacMull
Counsel for Defendants
Dated: May 21, 2026

**SO ORDERED.**

_Loretta A. Preska_

**LORETTA A. PRESKA, U.S.D.J.**

Dated: New York, New York

May 21, 2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEWSWEEK LLC; NEWSWEEK PUBLISHING LLC, <br><br> *Plaintiffs,* <br><br> *v.* <br><br> SHOWMARK MEDIA LLC, <br><br> *Defendant.* | CIVIL ACTION NO. <br><br> 1:26-cv-01550-LAP <br><br> **NON-DISCLOSURE AGREEMENT** |

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Outside Attorneys' Eyes Only. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                                    _____

4915-4092-7406, v. 1